MORGAN, LEWIS & BOCKIUS LLP
Anne M. Brafford, Bar No. 237574
abrafford@morganlewis.com
Michelle Stocker, Bar No. 259914
mstocker@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Defendants
CBS BROADCASTING INC., CBS
CORPORATION, and ROBERT NIÑO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY LONDON,<br><br>Plaintiff,<br>vs.<br><br>CBS; CBS BROADCASTING INC.; CBS TELEVISION; KCAL LLC; KCBS TV; ROBERT NINO; and DOES 1-100,<br><br>Defendants. | Case No. 2:12-cv-06605-GAF (FMOx)<br><br>**DEFENDANT CBS CORPORATION AND CBS BROADCASTING INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:     October 1, 2012<br>Time:    9:30 a.m.<br>Judge:   Hon. Gary A. Feess<br>Dept.:    740 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

TABLE OF CONTENTS

Page

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTS ALLEGED IN PLAINTIFF'S COMPLAINT . . . . . . . . . . . . . . . . . . 2

III. LEGAL STANDARD UNDER FED. R. CIV. P. 12(B)(6) . . . . . . . . . . . . . 2

IV. THE CBS DEFENDANTS' MOTION TO DISMISS THE FIRST
COUNT SHOULD BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   A. The First Count Jumbles Together Multiple, Distinct Causes
Of Action And Fails Sufficiently To Plead Any Of Them . . . . . . . . . . . . 4

      1. Discriminatory Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      2. HWE Harassment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

      3. Failure to Prevent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      4. Retaliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      5. Disparate Impace . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

   B. The Motion to Dismiss Plaintiff's HWE Claims Should Be
Granted Because She Fails to Properly Plead Them . . . . . . . . . . . . . . . . 7

      1. Plaintiff's HWE Claims Are Impermissibly Based Almost
Entirely On Personnel Management Activity . . . . . . . . . . . . . . . . . . . . . 8

      2. No Facts Suggest That Niño Engaged In Any Of The Alleged
Conduct Because Of Plaintiff's Age, Race, Gender, Or
Retaliation—And Even If Any Of The Alleged Conduct
Could Be So Construed, It Is Not Also Severe Or Pervasive. . . . . . . . . .9

V. THE CBS DEFENDANTS' MOTION TO DISMISS THE
SECOND COUNT SHOULD BE GRANTED . . . . . . . . . . . . . . . . . . . . . . 12

VI. THE IMPROPERLY-NAMED DEFENDANTS SHOULD ALSO
BE DISMISSED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

   A. Four Of The Named Defendants Do Not Exist As Separate
Legal Entities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

i

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

DB2/ 23368677.3

TABLE OF CONTENTS
(cont'd)

Page

B. Plaintiff Does Not Allege Any Facts Supporting A Claim Against The Remaining Corporate Defendants . . . . . . . . . . . . . . . . . . . 13

VII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

ii

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ................................................................................................ 3

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ........................................................................................ 2, 3, 5

*Berthey v. Sandor*
  2010 WL 5174934 (C.D. Cal. Dec. 9, 2010) ........................................................... 4

*Clegg v. Cult Awareness Network*
  18 F.3d 752 (9th Cir. 1994) ..................................................................................... 3

*DPR Construction, Inc. v. ANKA (Cortez Hill) LLC*
  2007 WL 1975166 (S.D. Cal. June 11, 2007) ....................................................... 13

*Garza v. BNSF R. Co.*
  2012 WL 2118179 (E.D. Cal. June 11, 2012) ....................................................... 10

*Gonzalez v. Runnels*
  2007 WL 2778733 (N.D. Cal. Sept. 21, 2007) ........................................................ 4

*Hayek v. HCAL, LLC*
  2011 WL 6819075 (S.D. Cal. Nov. 17, 2011) ......................................................... 4

*In re Toyota Motor Corp.*
  785 F.Supp.2d 883 (C.D. Cal. April 8, 2011) ....................................................... 13

*Lavery-Petrash v. Sierra Nevada Memorial Hosp.*
  2012 WL 1027868 (E.D. Cal. March 26, 2012) .................................................... 10

*Pantoja v. Countrywide Home Loans, Inc.*
  640 F.Supp.2d 1177 (N.D. Cal. July 9, 2009) ....................................................... 13

*Parks v. Bd. of Trustees*
  2011 WL 1566684 (E.D. Cal. Apr. 25, 2011) ......................................................... 9

*Saindon v. Federal Express Corp.*
  2003 WL 1872959 (N.D. Cal. 2003) ....................................................................... 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

iii

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

*Sanders v. Brown*
  504 F.3d 903 (9th Cir. 2007) ..................................................................................... 3

*Topadzhikyan v. Glendale Police Dept.*
  2010 WL 2740163 (C.D. Cal. July 8, 2010) ........................................................... 10

*Walsh v. Kindred Healthcare*
  798 F.Supp.2d 1073 (N.D. Cal. June 15, 2011) ...................................................... 13

**CALIFORNIA CASES**

*Beyda v. Los Angeles*
  65 Cal. App. 4th 511 (1998) ...................................................................................... 7

*Bourgeois v. Fireplace Manufacturers, Inc.*
  68 Cal. App. 4th 1049 (1998) ............................................................................ 12, 13

*Fisher v. San Pedro Penin. Hosp.*
  214 Cal. App. 3d 590 (1989) ............................................................................ 7, 8, 11

*Flait v. No. Am. Watch Corp.*
  3 Cal. App. 4th 467 (1992) ........................................................................................ 6

*Guz v. Bechtel Nat'l Inc.*
  24 Cal. 4th 317 (2000) ............................................................................................... 6

*Ibarbia v. Regents of Univ. of Cal.*
  191 Cal. App. 3d 1318 (1987) ................................................................................... 7

*Janken v. GM Hughes Elecs.*
  46 Cal. App. 4th 55 (1996) ........................................................................................ 9

*Lyle v. Warner Bros. TV Prods.*
  38 Cal. 4th 264 (2006) ............................................................................................. 11

*Reno v. Baird*
  18 Cal. 4th 640 (1998) ............................................................................................... 9

*Thompson v. City of Monrovia*
  186 Cal. App. 4th 860 (2010) .................................................................................... 9

*Trujillo v. North Co. Transit Dist.*
  63 Cal. App. 4th 280 (1998) ...................................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

iv

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(B)(6) .................................................................................... 2, 3

Federal Rule of Civil Procedure 8(a)(2) ............................................................ 2, 3

**CALIFORNIA STATUTES**

California Constitution Article 1, § 8 ................................................................ 4, 5

Government Code § 12940(a) ............................................................................... 5

Government Code § 12940(h) ............................................................................... 6

Government Code § 12940(j) ................................................................................ 7

Government Code § 12940(k) ............................................................................... 6

Government Code § 12941 .................................................................................... 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

v

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Defendant CBS Corporation and CBS Broadcasting Inc.'s (the "CBS Defendants")[1] Motion to Dismiss should be granted because Plaintiff Nancy London fails to sufficiently plead her claims under the Fair Employment and Housing Act ("FEHA"). London was a long-time CBS employee who was transferred to a new position in August 2010 after her prior job had been eliminated. In September 2010, London began reporting to a new supervisor, Defendant Robert Niño. Despite CBS's substantial investment in training London for her new job, she consistently displayed a reflexive defensiveness to any constructive feedback and a disinterest in learning. London was terminated on July 30, 2011 for poor performance, after failing to respond constructively to extensive training, coaching, and disciplinary warnings. At the time of her discharge, London (who is African American) was 58 years-old.

On March 8, 2012, London filed a Complaint that included two Counts containing multiple causes of action. The crux of London's lawsuit is that she was discharged and subjected to a hostile work environment ("HWE") on the basis of her age, race, gender, and retaliation for allegedly complaining about harassment by Robert Niño. The Complaint, however, is devoid of any factual detail to support these claims. Instead, London relies solely on unsupported legal conclusions. Therefore, the CBS Defendants and Niño bring Motions to Dismiss. The CBS Defendants' Motion to Dismiss is based on the ground that London jumbles together multiple, distinct causes of action under the first and second Counts of the Complaint that London must plead separately, and London fails sufficiently to plead each claim. London should be ordered to amend the Complaint to set forth

---

[1] Plaintiff has improperly named multiple entities as defendants. As explained below, CBS, CBS Television, CBS Television Service Inc., KCAL LLC, and KCBS TV are not proper defendants because either they do not exist or they have no relationship to Plaintiff. Plaintiff was employed by CBS Broadcasting Inc. Its indirect parent company is CBS Corporation. These two companies are the only properly-named defendants and they bring this Motion jointly.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 23368677.3

1

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

each cause of action separately, to properly plead each claim, to omit any claims that she cannot properly plead, and omit defendants that are non-existent entities and/or have no connection to London's claims.

## II.   FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

London was a long-time, union-covered (IBEW) employee of CBS who was moved to a new position in the Technical Operations Center in 2010. Compl. ¶ 13. Following the transfer, she began reporting to a new supervisor, Robert Niño. Compl. ¶ 13. Although London contends that Niño began to unlawfully "harass" her because of age, race, and gender, her allegations are entirely conclusory. *See* Compl. ¶¶ 13-15. London also alleges that she reported harassment to Human Resources in 2010, to Niño in April 2011, and again to Human Resources in June 2011. Compl. ¶ 16. She alleges that CBS investigated the complaints and found them to be unsubstantiated. Compl. ¶ 18. She lists a group of individuals (which includes a union representative) that informed her of her discharge on July 29, 2011. Compl. ¶ 21. Despite the substantial training, coaching, and feedback she received to try to help her improve, London alleges that the discharge was not really performance-based but was motivated by her age, race, gender, and in retaliation for her alleged harassment complaints about Niño. Compl. ¶ 21.

## III.   LEGAL STANDARD UNDER FED. R. CIV. P. 12(B)(6)

Federal Rule of Civil Procedure 8(a)(2) establishes a threshold that all claims for relief must meet – they must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atl. Corp. v. Twombly*, the Supreme Court explained that this threshold requires a plaintiff to plead "plausible grounds" for each claim for which he or she seeks relief, and not merely allege facts "consistent with" such a claim. 550 U.S. 544, 545 (2007). If the allegations do not move the claims "across the line from conceivable to plausible, [then the] complaint must be dismissed." *Id.* at 570. Accordingly, a complaint can survive a motion to dismiss under Rule 12(b)(6) only

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 23368677.3

2

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

where the plaintiff alleges "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 545. Plaintiffs must plead a "statement of circumstances, occurrences, and events in support of the claim presented." *Id.* at 556 n.3 (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202 (3d ed. 2004)).

A plaintiff cannot meet Rule 8(a)(2)'s threshold requirement by simply reciting legal language or by stating legal conclusions that are unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *see also Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (holding conclusory legal allegations are not adequate to defeat a motion to dismiss); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (holding that the Court "is not required to accept legal conclusions cast in the form of factual allegations"). Rather, "further factual enhancement" is required, and such factual enhancement must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The purpose of Rule 8(a)(2)'s threshold requirement is to ensure that the plaintiff actually suffered an injury for which liability is plausible before dragging the parties and the court through the costly and time-consuming discovery process. *Twombly*, 550 U.S. at 559 (explaining that it is only by requiring sufficient detail in the pleadings "that we can hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence.'"). District courts can best achieve this purpose by dismissing unsupported claims at the pleading stage under Rule 12(b)(6), before the parties commence the discovery process. *Id.* at 558-59 (noting the "practical significance" of Rule 8(a)(2) as a basis for exposing the deficiency of failing to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
DB2/ 23368677.3
3
CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

raise a claim of entitlement to relief "at the point of minimum expenditure of time and money by the parties and the court").

As discussed below, Plaintiff's First and Second Counts do not satisfy the pleading standard in *Twombly/Iqbal* and should be dismissed.

## IV. THE CBS DEFENDANTS' MOTION TO DISMISS THE FIRST COUNT SHOULD BE GRANTED.

### A. The First Count Jumbles Together Multiple, Distinct Causes Of Action And Fails Sufficiently To Plead Any Of Them.

The CBS Defendants' Motion to Dismiss should be granted on the ground that London jumbles together multiple causes of action under single headings in a confusing manner. This tactic appears to be an effort to camouflage the absence of any facts to support most of the individual causes of action, and it warrants dismissal. *Hayek v. HCAL, LLC*, 2011 WL 6819075, *4 (S.D. Cal. Nov. 17, 2011) ("[W]hen the pleading reflects a jumble of legal causes of actions and theories that fails to give defendants fair notice of what the plaintiff's claims actually are and the grounds upon which they rests, the complaint does not meet the standards of Rules 8 or 12."); *Berthey v. Sandor*, 2010 WL 5174934, *3-4 (C.D. Cal. Dec. 9, 2010) (holding that complaint did not comply with Rule 8 pleading standards where plaintiff stated only one "claim" that arose under multiple theories against unspecified defendants); *Gonzalez v. Runnels*, 2007 WL 2778733, *3 (N.D. Cal. Sept. 21, 2007) (ordering plaintiff to file an amended complaint that states each claim separately).

In *Hayek*, for example, the plaintiff's complaint alleged two causes of action, but within each cause of action plaintiff asserted multiple legal theories. 2011 WL 6819075 at *4. Plaintiff's first cause of action was called "First Cause of Action (wrongful discharge) employment discrimination in violation of public policy, California Constitution Article 1, Section 8, and the FEHA." *Id.* Within that cause of action, plaintiff stated that defendants "discriminated against him on the basis of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

4

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

1    a condition of disability, medical condition, and age; and did further discriminate
2    against Plaintiff because he sought reasonable accommodation ...." *Id.* This section
3    also included a statement that defendants harassed plaintiff based on his age,
4    medical condition and disability which "forced Plaintiff to become anxious,
5    nervous, and depressed and resulted in Plaintiff's constructive wrongful
6    termination." *Id.* Plaintiff further stated that defendants failed to stop the
7    harassment, "to investigate and learn the truth, and to apologize to Plaintiff and
8    reinstate Plaintiff to his existent position of employment." *Id.* According to
9    plaintiff, he was replaced by a younger and less experience employee, was
10   subjected to cruel and unjust hardship in his employment, and defendants knew that
11   "this conduct was unlawful and in violation of California public policy." *Id.*
12   Finally, in this same cause of action, plaintiff stated that as a result of defendants'
13   acts, he suffered humiliation, mental anguish, public ridicule, emotional and
14   physical distress. *Id.*

15            The Court dismissed the plaintiff's complaint under Rule 8 and 12 because
16   "[t]his grab bag of conclusory wrongdoings is not a cause of action to which
17   defendants can respond in a meaningful manner." *Id.* at *5. The Court further
18   ordered plaintiff to amend his complaint "to allege discrete causes of action that
19   meet the pleadings standards of Federal Rules of Civil Procedure 8 and 12. In other
20   words, the factual allegations of the complaint must be 'enough to raise a right to
21   relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. 544).

22            Likewise, here, Plaintiff jumbled all her claims under two subheadings in a
23   way that is confusing and misleading. The First Cause of Action includes all of the
24   following discrete claims, and for the reasons set forth below, none of them are
25   properly plead:

26            **1.    Discriminatory Discharge.** Paragraph 29(a) jumbles together
27   claims for discriminatory discharge because of age, race, gender, and retaliation in
28   violation of Government Code § 12940(a). To plead the elements of a

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

5

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

discriminatory discharge claim, London must include some factual basis from which to infer that the discharge was unlawfully motivated. *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 355 (2000) (discrimination); *Flait v. No. Am. Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992) (retaliation). Although the pleading of the retaliation claim is not a model of clarity, it is the only discharge claim supported by any facts in the Complaint. The claims for discriminatory discharge because of age, race, and gender are supported by nothing more than Plaintiff's allegation that she is a 58 year-old, African American woman. This is not sufficient to plead these claims, and London should omit them from the amended complaint.

        **2.** **HWE Harassment.** Paragraph 29(b) contains claims for HWE harassment because of age, race, gender, and retaliation. These claims are addressed separately below.

        **3.** **Failure To Prevent.** Paragraph 29(c) contains a claim under Government Code § 12940(k) for failure to prevent a FEHA violation. Such a claim cannot proceed without proof of an actionable claim of discrimination, harassment, or retaliation. *See Trujillo v. North Co. Transit Dist.*, 63 Cal. App. 4th 280, 286-89 (1998) (a claim for failure to prevent harassment did not exist because plaintiffs failed to demonstrate discrimination or harassment); *Saindon v. Federal Express Corp.*, 2003 WL 1872959 (N.D. Cal. 2003) (same). Since only London's retaliatory discharge claim is supported by any facts in the Complaint, London's amended complaint should omit the other bases and clarify that the Section 12940(k) claim is based only on retaliation.

        **4.** **Retaliation.** As noted above, Paragraph 29(a) includes a claim for retaliatory discharge. Paragraph 29(d) contains a non-specific claim for "retaliation" in violation of Government Code § 12940(h). London does not identify what adverse action provides the basis of this claim. If Plaintiff's retaliation claim is premised on an adverse action other than her discharge, she should be ordered to say so.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

6

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

     **5.**    **Disparate Impact.** Paragraph 29(e) contains a claim for disparate impact because of age in violation of Government Code § 12941 on the ground that CBS allegedly used salary as a factor in termination decisions, which adversely impacted older workers. Plaintiff must plead facts to show that CBS has adopted an employment practice that selects members of a protected class in a proportion smaller than their percentage in the pool of actual applicants. *Ibarbia v. Regents of Univ. of Cal.*, 191 Cal. App. 3d 1318 (1987). London has not pleaded any facts whatsoever to support this claim. She does not allege even that CBS terminated *her* based on her salary, let alone facts showing that CBS generally had a practice of using salary as a basis for terminations that adversely impacted older workers.

    For all of the foregoing reasons, the CBS Defendants' Motion to Dismiss the First Count should be granted.

    **B.**    **The Motion to Dismiss Plaintiff's HWE Claims Should Be Granted Because She Fails To Properly Plead Them.**

    The basis for the Motion to Dismiss London's HWE harassment claims are explained in more detail here. As an initial matter, "retaliation" is not provided as a ground for a harassment claim under Government Code § 12940(j). Accordingly, this claim should be dismissed with prejudice.

    To state a claim for HWE harassment based on sex, race, or age under FEHA, London must plead the following elements: (1) the conduct was unwelcome; (2) it was based on Plaintiff's sex, race, or age; and (3) it was sufficiently "severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Fisher,* 214 Cal. App. 3d at 615. The workplace must be "permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Beyda v. Los Angeles*, 65 Cal. App. 4th 511, 517 (1998). A claim will not succeed if it is based on acts

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 23368677.3

7

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

that are "occasional, isolated, sporadic, or trivial." *Fisher v. San Pedro Penin. Hosp.*, 214 Cal. App. 3d 590, 610 (1989).  Here, the following allegations provide the sole basis for London's HWE claims:

- Niño displayed an "immediate and inexplicable contempt for plaintiff." Compl. ¶ 13.
- Niño "undertook, and led, a campaign of harassment, discrimination and disparate treatment against her, including an effort to undermine and discredit her." Compl. ¶ 13.
- Niño "harassed and ridiculed" Plaintiff by claiming that Plaintiff could not perform her job duties. Compl. ¶ 14.
- Niño authored "provocative and unprofessional memoranda," which allegedly "mocked and attempted to provoke Plaintiff." Compl. ¶ 15.
- Niño engaged in "gender based/sexually harassing conduct" that was "inappropriate and unwelcome" such as "staring her down and otherwise stalking and watching her." Compl. ¶ 15.

These allegations contain very few facts and are almost entirely conclusory.  They are not sufficient to state any HWE claim because (1) London impermissibly bases her HWE claims on personnel management activity and (2) she pleads no facts from which to infer that any conduct was carried out *because of* a protected trait—and, even if any of the conduct could be so construed, such conduct is not also severe or pervasive.  For these reasons, as further explained below, the HWE claim should be dismissed in its entirety.

### 1. Plaintiff's HWE Claims Are Impermissibly Based Almost Entirely On Personnel Management Activity.

The California Supreme Court has held that harassment claims cannot be premised on "commonly necessary personnel management actions" which includes such actions as "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the assignment or

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 23368677.3

8

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like[.]" *Reno v. Baird*, 18 Cal. 4th 640, 646-47 (1998); *accord Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 879 (2010) ("commonly necessary personnel management actions such as hiring and firing, job project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will not attend meetings, deciding who will be laid of, and the like, do not come within the meaning of harassment") (quoting *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55 (1996)); *Parks v. Bd. of Trustees,* 2011 WL 1566684 (E.D. Cal. Apr. 25, 2011) (summary judgment on race harassment claim where claim was based on investigation, suspension, letter of reprimand, job assignments). If such actions are based on improper motives, they might provide a basis for a discrimination claim, but they do not constitute "harassment" under FEHA. *Reno,* 18 Cal. 4th at 646-47.

Here, the only reasonable inference from the few actual facts included in the Complaint is that London's HWE claims based on age and race are focused on Niño's critique of her performance. Compl. ¶¶ 14, 20. Such critiques qualify as personnel management activity that cannot form the basis of a harassment claim. London's HWE claim based on gender includes the allegation that Niño "stared" at her and "watched" her. Compl. ¶ 15. Other than the alleged "staring," London's allegations either are entirely conclusory or describe performance-based feedback that constitutes a personnel management action.

    **2.**    **No Facts Suggest That Niño Engaged In Any Of The Alleged Conduct *Because Of* Plaintiff's Age, Race, Gender, Or Retaliation—And Even If Any Of The Alleged Conduct Could Be So Construed, It Is Not Also Severe Or Pervasive.**

London does not plead any facts to show that any of Niño's alleged conduct was carried out *because of* any protected trait. London alleges that she was a 58-year-old African American female and that she was "harassed"—but she offers no

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

9

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

support for an inference that she was harassed *because of* any of those traits. In fact, the only reference to London's protected traits in connection with the HWE claims is in Paragraph 15, where she claims that Niño engaged in "gender based/sexually harassing conduct" such as "staring her down and otherwise stalking and watching her." Compl. ¶ 15. Even this allegation simply proclaims that the alleged staring/stalking/watching was "gender based" or "sexually harassing" without specifying any facts to demonstrate why she thinks so. As to age and race, there are absolutely no references to these protected traits in connection with the HWE allegations.

Plaintiff HWE allegations are even more deficient than those in other cases where District Courts have dismissed such claims at the pleadings stage. *See, e.g.*, *Garza v. BNSF R. Co.*, 2012 WL 2118179, *4-5 (E.D. Cal. June 11, 2012) (dismissing harassment claim against individual defendant for failure to state a claim, where plaintiff alleged the defendant regularly called racial minorities "Pumpernickles" because of the color of their skin, confused African American employees with one another, indicated he would not want to report to an African American boss and/or that he did not approve of African Americans being in a position of power, avoided eye contact with plaintiff and would yell, curse, and raise his voice at racial minorities); *Topadzhikyan v. Glendale Police Dept.*, 2010 WL 2740163, *7-8 (C.D. Cal. July 8, 2010) (granting motion to dismiss harassment claim against individual defendants where plaintiff alleged that individual defendants gave "hard and intimidating looks," sent "rude, derogatory and harassing emails" and said "if I had a grenade, I would throw it in [plaintiff's] cubicle"); *Lavery-Petrash v. Sierra Nevada Memorial Hosp.*, 2012 WL 1027868, *2-3 (E.D. Cal. March 26, 2012) (granting motion to dismiss harassment claim against individual defendant because plaintiff did not allege sufficient facts to show hostile work environment, where plaintiff alleged that her coworker yelled, screamed and threatened her, physically hovered over her, refused to assist her if he

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

10

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

1  believed she needed assistance).

2  Moreover, even if *any* of Niño's alleged conduct could somehow be
3  construed as motivated by a protected trait, such conduct would not also be severe
4  or pervasive. *See Lyle v. Warner Bros. TV Prods.,* 38 Cal. 4th 264, 292 (2006)
5  (granting summary judgment for defendant on HWE sex claim because none of the
6  offensive conduct satisfied both the "because of sex" and "severe or pervasive"
7  requirements). The only act that is even arguably tinged with any unlawful motive
8  is the "staring" that London proclaims was because of her gender. This is not
9  sufficient to plead severe or pervasive *gender*-based harassment, let alone based on
10 race, age, or retaliation.

11 London's failure to plead such facts suggests that they do not exist since any
12 such facts would be uniquely within her own knowledge. Since an HWE claim can
13 be based only on conduct in London's work environment of which she was aware,
14 she should be fully cognizant of the facts that form the basis of her claim, and she
15 was required "to allege sufficient facts to establish that her work environment was
16 permeated by [sexual/racial/age-related] harassment." *Fisher*, 214 Cal. App. 3d at
17 613. Because she did not do so, "the complaint is deficient as there is no indication
18 of the frequency or intensity with which these acts occurred." *Id.* The Motion to
19 Dismiss should be granted on this ground as well.

20 Moreover, the CBS Defendants' Motion should be granted without leave to
21 amend because it is clear that the deficiencies of the complaint cannot possibly be
22 cured by an amended version. Plaintiff's counsel here voluntarily offered to
23 dismiss Mr. Niño as a defendant, but only if Defendants agreed not to remove this
24 case to federal court. *See* Declaration of Anne M. Brafford in Support of Defendant
25 CBS Corporation's Notice of Removal ("Brafford Removal Decl."), Dkt. # 8, ¶ 2.
26 The offer itself signals that Plaintiff has no basis to assert claims against Mr. Niño
27 individually. There is nothing more she can add to her Complaint that would save
28 her claims against him.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

11

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

## V. THE CBS DEFENDANTS' MOTION TO DISMISS THE SECOND COUNT SHOULD BE GRANTED.

The Second Count includes claims that London was wrongfully discharged because of age, race, gender, and retaliation in violation of the public policy delineated in FEHA. These claims are derivative of the discriminatory and retaliatory discharge claims contained in the First Cause of Action. *See Bourgeois v. Fireplace Manufacturers, Inc.*, 68 Cal. App. 4th 1049, 1060 (1998) (holding that where there is no evidence of a violation of FEHA, claim for wrongful termination in violation of public policy cannot stand). Therefore, the claims in the Second Cause of Action for wrongful discharge should be treated in the same manner as the wrongful discharge claims in the First Cause of Action.

## VI. THE IMPROPERLY-NAMED DEFENDANTS SHOULD ALSO BE DISMISSED.

CBS, CBS Television, KCAL LLC, KCBS TV and recently-served CBS Television Service Inc. should all be dismissed because (a) they do not exist, and/or (b) Plaintiff fails to allege any facts supporting a claim against them. Plaintiff was employed by CBS Broadcasting Inc. Declaration of Justin Draper in Support of Defendant CBS Corporation's Notice of Removal ("Messinger Removal Decl."), Dkt. # 7, ¶ 2. Its indirect parent company is CBS Corporation. Declaration of Martin P. Messinger in Support of Defendant CBS Corporation's Notice of Removal ("Messinger Removal Decl."), Dkt. # 6, ¶ 7. These are the only two properly-named legal business entities in the Complaint.

### A. Four Of The Named Defendants Do Not Exist As Separate Legal Entities.

CBS is not the proper name of any CBS legal business entity. It does not exist. *Id.* ¶ 3. Similarly, CBS Television on its own is not the proper name of any CBS legal business entity. *Id.* ¶ 4. It does not exist. *Id.* KCAL LLC on its own is also not the proper name of any CBS legal business entity. *Id.* ¶ 5. It does not

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 23368677.3

12

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

exist. *Id.* KCBS TV is the name of a local television station that is owned and operated by CBS Broadcasting Inc. *Id.* ¶ 22. It is not organized as a separate corporate entity, and does not have a corporate existence separate and apart from CBS Broadcasting Inc. *Id.* These entities do not have an independent legal identity and are therefore not proper defendants. *See DPR Construction, Inc. v. ANKA (Cortez Hill) LLC*, 2007 WL 1975166, *1 (S.D. Cal. June 11, 2007) ("Certainly, something that does not exist in any sense of that term cannot properly be subject to suit.").[2]

### B. Plaintiff Does Not Allege Any Facts Supporting A Claim Against The Remaining Corporate Defendants.

CBS Television Service Inc. is the name of a CBS entity, but it was not Plaintiff's employer and has no connection to any of her claims. Messinger Removal Decl. ¶ 6. Other than briefly identifying these corporate entities (*see* Compl. ¶¶ 4, 5, 6) and including boilerplate, conclusory alter ego allegations (*see* Compl. ¶8(a) and (b)), Plaintiff does not allege a single fact about any of these entities. Her failure to do so subjects her Complaint to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D. Cal. July 9, 2009) (dismissing Bank of America as a defendant because Complaint did not allege any wrongful conduct by Bank of America); *In re Toyota Motor Corp.*, 785 F.Supp.2d 883, *911-912 (C.D. Cal. April 8, 2011) (striking alter ego allegation and dismissing one corporate defendant, where plaintiffs did not allege that any particular defendant engaged in any particular action but instead alleged claims against all defendants collectively); *Walsh v. Kindred Healthcare*, 798 F.Supp.2d 1073, 1082-84 (N.D. Cal. June 15, 2011) (dismissing certain defendants because plaintiff failed to allege sufficient facts to invoke the alter ego doctrine, where plaintiff merely alleged that

---

[2] To the extent that these entities do exist in a way that makes them susceptible to legal action, the claims against them still fail for the reasons set forth in Section VII.B.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

13

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS

1  the corporate defendants were connected in some way but did not explain how they
2  had a unity of interest and ownership).
3      Accordingly, the Court should dismiss CBS, CBS Television, KCAL LLC,
4  KCBS TV, and CBS Television Service Inc. from Plaintiff's Complaint.

## VII.  CONCLUSION

For the reasons set forth above, the Court should grant the CBS Defendants' Motion to Dismiss in its entirety.  Plaintiff should be ordered to amend the Complaint to set forth each cause of action separately, to properly plead each claim, to omit any claims that she cannot properly plead, and omit defendants that are non-existent entities and/or have no connection to Plaintiff's claims.

Dated:  August 29, 2012

MORGAN, LEWIS & BOCKIUS LLP
ANNE M. BRAFFORD
MICHELLE STOCKER


By /s/ Michelle Stocker
   Michelle Stocker
   Attorneys for Defendants
   CBS BROADCASTING INC., CBS
   CORPORATION, and ROBERT
   NIÑO

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23368677.3

14

CBS DEFENDANTS' MPA
IN SUPPORT OF MOTION TO DISMISS