JS - 6  LINKS: 13, 14, 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6605 GAF (FMOx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | London v. CBS et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**       **(In Chambers)**

### ORDER RE: MOTION TO REMAND

### I. INTRODUCTION AND BACKGROUND

This is a dispute arising out of the termination of Plaintiff's employment by Defendants. Plaintiff makes claims regarding retaliation, discrimination, harassment, and wrongful termination against her employer and supervisor. Plaintiffs' supervisor is a non-diverse party.[1] Whether the supervisor is deemed fraudulently joined will determine the outcome of this motion. Plaintiff has filed a motion to remand the case to Superior Court. Considered in conjunction with this motion is Defendants Niño's and Defendants CBS Corporation and CBS Broadcasting Inc.'s motions to dismiss.

Plaintiff, who was employed by Defendants in 1977, was assigned in 2010 to a new manager, Defendant Robert Niño. (Id. ¶¶ 10,13.) Plaintiff alleges Niño displayed "immediate and inexplicable contempt for" her, and "undertook, and led, a campaign of harassment, discrimination and disparate treatment against her." (Id.) Plaintiff alleges Niño authored

---

[1] Plaintiff repeatedly speaks to place of residence, which is technically incorrect when assessing the existence of diversity jurisdiction, which requires place of domicile or citizenship. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.") However, because Defendants are seeking removal on the basis of fraudulent joinder, which would only matter if Defendant Niño was a California citizen, the Court concludes that he is indeed a California citizen and proceeds on that basis.

JS - 6    **LINKS: 13, 14, 15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6605 GAF (FMOx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | London v. CBS et al | | |

"provocative and unprofessional memoranda" and "attempted to intimidate, menace and make plaintiff uncomfortable, including gender based/sexually harassing conduct, which was inappropriate and unwelcome (staring her down and otherwise stalking and watching her). " (Id. ¶ 15) Plaintiff alleges she filed multiple reports and complaints regarding this conduct. (Id. ¶¶ 16, 20.) Plaintiff alleges that she was retaliated against for making these complaints, including eventual termination. (Id. ¶¶ 17, 19, 21.) This lawsuit followed.

    Plaintiff filed this lawsuit in Los Angeles County Superior Court on March 8, 2012 against, at that time, CBS, CBS Broadcasting Inc., CBS Television, KCAL LLC, KCBS TV, Robert Niño, and Does 1-100. (Id. at 1.) Since the initial complaint, Plaintiff has added CBS Corporation and CBS Television Service Inc. in place of two of the Doe Defendants. (Not. ¶ 14.) Plaintiff sues all Defendants for: (1) violation of various provisions of the California Fair Employment and Housing Act ("FEHA") Cal. Gov. Code §§ 12900, et seq., pertaining to harassment, discrimination, retaliation, and wrongful termination, and (2) wrongful termination in violation of public policy. (Compl. ¶¶ 27-32.)

    Defendant CBS Corporation removed the action to this Court on July 31, 2012 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Not. at 1.) Remaining Defendants consented to removal. (Id. ¶ 5.) CBS Corporation argues that the non-diverse co-defendant, Robert Niño, has been fraudulently joined. (Id.) Plaintiff has filed a motion to remand the action to Superior Court. (Docket No. 13.1, [Mot. to Remand ("Mem.")].)

    Defendant Niño moves to dismiss this action on the grounds that: (1) the complaint does not meet the requirements of Twombly-Iqbal; (2) the harassment claim was insufficiently pleaded; and (3) the complaint lists various causes of action that cannot be asserted against him as a supervisor. (Docket No. 15, [Mot to Dismiss ("Niño Mem.")].) Defendants CBS Corporation and CBS Broadcasting Inc. move to dismiss this action on the grounds that: (1) the complaint does not meet the requirements of Twombly-Iqbal;, (2) the harassment claim was insufficiently pleaded; and (3) a wrongful termination in violation of public policy claim requires an underlying FEHA claim, and therefore cannot stand. (Docket No. 14, [Mot. to Dismiss (CBS Mem.")].)

    For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand. Because the Court grants Plaintiff's motion to remand, the Court dismisses Defendants' motions to dismiss as **MOOT**.

**II. DISCUSSION**

JS - 6   **LINKS: 13, 14, 15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6605 GAF (FMOx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | London v. CBS et al | | |

### A. STANDARD FOR REMAND

The Court may remand for either "lack of subject matter jurisdiction or for any defect in removal procedure." Flatwire Solutions, LLC v. Sexton, 2009 WL 5215757, at *1 (C.D. Cal. Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)). "Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "The party seeking removal bears the burden of establishing federal jurisdiction." Id. (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Id. (citation omitted).

### B. SUBJECT MATTER JURISDICTION

In its motion to remand, Plaintiff argues that common citizenship prevents this Court from exercising federal diversity jurisdiction because Defendant Niño is a California citizen,[2] and that Defendants have failed to meet the burden of showing fraudulent joinder. (Mem. at 1.) Plaintiff further argues that removal was untimely and that some co-defendants waived their right to remove. (Id. at 14-16.) Plaintiff also seeks attorneys' fees in conjunction with this motion. (Id. at 17.)

For the reasons set forth below, the Court finds that Defendant Niño was not fraudulently joined. Accordingly, the Court **GRANTS** Plaintiff's motion to remand. However, Plaintiff has not met her burden in seeking attorneys' fees, and therefore the Court **DENIES** Plaintiff's request for attorneys' fees.

#### 1. DIVERSITY OF CITIZENSHIP

Federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000, and where the matter is between citizens of different states. 28 U.S.C. § 1332(a). "It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2nd Cir. 1990) (citation omitted). A person's state of citizenship is "determined by her state of domicile, not her state of

---

[2] Again, this is actually never properly alleged, but given Defendants' claim of fraudulent joinder, it can be presumed that Niño is in fact a California citizen for purposes of this motion,

Case 2:12-cv-06605-GAF-FMO Document 26 Filed 09/25/12 Page 4 of 6 Page ID #:573

JS - 6  LINKS: 13, 14, 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6605 GAF (FMOx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | London v. CBS et al | | |

residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In its notice of removal, Defendants allege that Plaintiff's action is removable pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a California citizen and "the only two properly-named Defendants . . . are not citizens of California for purposes of diversity jurisdiction." (Not. ¶ 27.) Defendants do not state the citizenship of Niño but implicitly concede that he is also a California citizen and argue that he was fraudulently joined to destroy complete diversity. (Id. ¶ 28.) Because the Court concludes that Niño was not fraudulently joined, it does not address any questions regarding the citizenship of any other named defendants.

### 2. FRAUDULENT JOINDER OF NIÑO

Where a party is found to have been fraudulently joined to destroy diversity jurisdiction, a court will disregard that defendant as a sham for purposes of deciding whether jurisdiction exists. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.) (cert. denied, 525 U.S. 963 (1998)); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (explaining that the relevant inquiry in fraudulent joinder analysis is whether the plaintiff has any possibility of prevailing on claims brought against the purported "sham defendant").

> Fraudulent joinder, we have noted, 'is a term of art.'. . . Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'

Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (citing McCabe, 811 F.2d at 1339) (emphasis added).

The crux of Defendants' contention is that Plaintiff's claims against Niño were insufficiently pleaded in light of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). (Not. ¶ 31.) Defendants argue that of all the FEHA causes of action asserted here, only one claim "can possibly be asserted against an individual supervisor," and that is the claim for hostile work environment harassment ("HWE"). (Id. ¶ 34.) This is a claim under Cal Gov Code § 12940(j), which is stated in the first cause of action. Because that claim is also the crux of Plaintiff's motion to remand, the Court will turn to that claim.

JS - 6  LINKS: 13, 14, 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6605 GAF (FMOx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | London v. CBS et al | | |

Section 12940(j)(1) provides that it is unlawful "[f]or an employer . . . because of race . . . gender . . . age . . . to harass an employee . . . ." Furthermore, section 12940(j)(3) states that "[a]n employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee." In order to establish a claim for hostile work environment harassment, "a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a protected characteristic; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." King v. City & County of San Francisco, 2012 U.S. Dist. LEXIS 126930, 15-16 (N.D. Cal. Sept. 6, 2012).

Defendants believe that the standards for pleading are not met "because: (1) Plaintiff impermissibly bases her HWE claims on personnel management activity; and (2) she pleads no facts from which to infer that any conduct was carried out *because of* a protected trait - and, even if any of the conduct could be so construed, such conduct is not also severe or pervasive." (Not. ¶ 42) (emphasis in original). Plaintiff argues, quoting from her complaint, that she alleged "a campaign of harassment, discrimination and disperate treatment," "provocative and unprofessional memoranda," and intimidation including "gender based/sexually harassing conduct . . . (staring her down and otherwise stalking and watching her)." (Mem. at 2.) Furthermore, Plaintiff argues that she made several reports regarding the harassment. (Id. at 2-3.)

While it may be the case that Plaintiff's complaint does not now meet the pleading standards to survive either a motion to dismiss in federal court or a demurrer in state court, Defendants have not met their high burden in showing fraudulent joinder. In order to meet this high burden, "a defendant seeking removal . . . must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). As the Court has previously held, "Defendants have not sufficiently established that Plaintiff[] could not amend [its] complaint and add additional allegations to correct any deficiencies." Stanbrough v. Georgia-Pacific Gypsum LLC, 2009 U.S. Dist. LEXIS 5973 at *6 (C.D. Cal. Jan. 20, 2009). As Cal Gov Code § 12940(j)(3) makes clear, Plaintiff may pursue a cause of action for harassment against Niño. Whether the allegations as made by Plaintiff in the complaint are sufficient is not for the Court to now decide. It is evident, however, that Defendants have not "demonstrated that Plaintiffs **could not possibly state a claim** against [Niño] in state court." Id. at *5 (emphasis in original). This interpretation of the fraudulent joinder burden is consistent with the approach followed by numerous courts in this Circuit. See Tupuola v. Walgreens Co., 2012 U.S. Dist. LEXIS 25586 (C.D. Cal. Feb. 27, 2012) (listing cases).

JS - 6   **LINKS: 13, 14, 15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6605 GAF (FMOx) | Date | September 25, 2012 |
|---|---|---|---|
| Title | London v. CBS et al | | |

### 3. TIMELINESS OF REMOVAL AND WAIVER

Because the Court finds that joinder of Niño was not fraudulent and remands this action on that basis, the Court need not address the timeliness of Defendants' removal nor any potential waiver of the right to remove.

### 4. MOTION FOR ATTORNEY'S FEES

A court that remands a case to state court based on improper removal "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

Plaintiff seeks $5,925 in attorneys' fees in bringing this motion. (Mem. at 18.) Though Plaintiff alleges unusual circumstances, she has not adequately shown such circumstances existed. While Plaintiff may have prevailed on this motion, that alone is insufficient to show objective unreasonableness. See Gardner, 508 F.3d at 562 ("[W]hether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c).").

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to remand this action to Superior Court, and **DENIES** Plaintiff's request for attorneys' fees. The Court therefore **DENIES** Defendants' motions to dismiss as **MOOT**. The hearing on these motions presently scheduled for October 1, 2012 is **VACATED**.

**IT IS SO ORDERED.**